**SO ORDERED,**



Judge Jason D. Woodard

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BILLY CRAY JONES and | ) | Case No.:   15-14513-JDW |
| JUDY CAROLYN JONES, | ) | |
| | ) | |
| Debtors. | ) | Chapter   13 |
| | ) | |

<u>MEMORANDUM OPINION AND ORDER DENYING FIRST
APPLICATION FOR COMPENSATION AND REIMBURSEMENT
OF NECESSARY EXPENSES (DKT. # 87)</u>

This matter is before the Court on the *First Application for Compensation and Reimbursement of Necessary Expenses* (the "Fee Application") (Bankr. Dkt. # 87)[1] filed by attorney R. Michael Bolen of Hood & Bolen, PLLC. The Chapter 13 Trustee and Mid-South Maintenance, Inc.

---

[1] Citations to the main bankruptcy docket are to "Bankr. Dkt. # ___." Citations to the adversary proceeding docket are to "A.P. Dkt. #___."

1

("Mid-South") both objected to the Fee Application. (Bankr. Dkt. ## 95, 96) and a hearing was held on April 14, 2020.[2] Mr. Bolen and the Trustee argued to the Court and agreed to a briefing schedule. The matter has now been fully briefed.

The question is whether Mr. Bolen is entitled to compensation from the bankruptcy estate when he performed legal services the debtors' original counsel of record had already been paid to complete, failed to timely disclose his compensation, and is seeking almost double the standard chapter 13 fee for an entire case. The Court has reviewed the arguments and relevant law and finds and concludes that the Fee Application is due to be denied.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A), (B), and (O).

---

[2] At the hearing, counsel for the Trustee represented to the Court that he had spoken with counsel for Mid-South and that because Mid-South's objection mirrored the Trustee's objection, the Trustee's attorney would argue both objections.

## II. FACTS AND RELEVANT PROCEDURAL HISTORY

The debtors initiated this bankruptcy proceeding by filing a chapter 13 voluntary petition on December 22, 2015. (Bankr. Dkt. # 1). Counsel of record was Robert T. Cornelius, Sr. of Cornelius Law Firm. Mr. Cornelius filed his *Rule 2016 Disclosure of Compensation of Attorney for Debtors* (Bankr. Dkt. # 10) on January 5, 2016, where he disclosed that he would be paid $3,200.00 to provide legal services for all aspects of the bankruptcy case, including:

(a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
(b) Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
(c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
(d) Representation of the debtor in adversary proceedings and other contested bankruptcy matters.

(Bankr. Dkt. # 10). In essence, Mr. Cornelius agreed to represent the debtors in all aspects of the main bankruptcy case and throughout the life of the case. According to the disclosure, the only exclusion from representation was "(r)epresentation of the debtor in any non-dischargeability action or lien avoidance on any real property or state or federal tax liens." *Id.* Mr. Cornelius saw the bankruptcy case through confirmation and an order was entered confirming the plan on July 20, 2016. (Bankr. Dkt. # 38). He has been paid the full fee for his representation.

3

On August 22, 2016, Mid-South filed an adversary proceeding to determine the dischargeability of a debt, which Mr. Cornelius had properly excluded from his representation. (A.P. No. 16-01062-JDW, Dkt. # 1). Mr. Bolen filed his *Notice of Appearance* (A.P. Dkt. # 6) on October 20, 2016 as the attorney of record for the debtor-defendants in the adversary proceeding only. A final judgment in favor of Mid-South was entered on March 9, 2019, which provided that each party would bear its own fees and costs. (A.P. Dkt. ## 56, 57). Mr. Bolen's representation was limited to the adversary proceeding for which he was separately paid $10,700.00 by the debtors. He did not represent the debtors in the main bankruptcy case, nor did he request compensation from the bankruptcy estate.

Over sixteen months later, Mr. Bolen appeared in the main bankruptcy case and filed a motion to dismiss. (Bankr. Dkt. ## 58, 59). He did not file the disclosure of compensation required by 11 U.S.C. § 329 and FED. R. BANKR. P. 2016(b). The motion to dismiss disclosed that one debtor, Billy Cray Jones, had passed away on June 22, 2019, and that the remaining debtor Judy Carolyn Jones would be receiving $500,000.00 as the beneficiary of his life insurance policy. (Bankr. Dkt. # 59). The motion to dismiss asserted that Ms. Jones wished to dismiss the case "so she [could] deal with her creditors outside of a Chapter 13." *Id.* The Trustee objected to the motion. (Bankr. Dkt. # 60).

At the hearing, the Court cited to the principles of *Marrama v. Citizens Bank or Massachusetts*[3] and made clear that it was disinclined to allow a debtor who had been found liable for fraud in the adversary proceeding to walk away from the bankruptcy case with half a million dollars of non-exempt property of the bankruptcy estate that belonged to creditors. The Court made clear that the debtor could either remain in the chapter 13 case and turn the proceeds over to the chapter 13 trustee for distribution, or the case would be converted to a chapter 7 and the proceeds would be distributed by a chapter 7 trustee. The debtor elected to remain in chapter 13 and an agreed order denying the motion to dismiss was entered on September 30, 2019. (Bankr. Dkt. # 76).

On December 16, 2019, nearly five months after Mr. Bolen's first notice of appearance in the bankruptcy case, he filed the Fee Application seeking compensation from the bankruptcy estate in the amount of $5,293.00. (Bankr. Dkt. # 87). Mr. Bolen further seeks to have the amount paid as an administrative expense and claims that the services rendered and expenses incurred benefitted the bankruptcy estate. *Id.*

On May 5, 2020, Mr. Bolen for the first time filed his *Rule 2016 Disclosure of Compensation of Attorney for Debtors*. (Bankr. Dkt. # 107). This

---

[3] 549 U.S. 365 (2007).

was more than nine months after he filed his first pleading in the main bankruptcy case, almost five months after he filed his Fee Application, and almost a month after the hearing on the Fee Application. Mr. Bolen's after-the-fact disclosure provided that he had agreed to render legal services in the bankruptcy case for: (a) issues involving post-petition receipt and preservation of life insurance proceeds; (b) prosecuting a motion to dismiss or conversion; and (c) prosecuting a motion for hardship discharge. *Id.* Bolen's disclosure provided that the fee did not include "(r)epresentation of the debtors in adversary proceeding, number 16-01062-JDW, for which counsel was paid a total of $10,700.00 for defense of three related adversaries through bankruptcy court judgment." *Id.*

### III. CONCLUSIONS OF LAW

The parties' arguments revolved around three main questions: (1) whether Mr. Bolen was required to have his employment approved by the Court; (2) whether attorney compensation for bankruptcy representation should be limited to amount already paid to original counsel of record; and (3) if the requested compensation is approved, whether it rises to the level of an administrative expense.

### A. Was Mr. Bolen required to have his employment approved by the Court?

Mr. Bolen points to a prior decision in this district, *In re Scott*, to support his position that prior approval of his employment was not required.[4] The issue in *Scott* was whether employment of special counsel (not bankruptcy counsel) to pursue a worker's compensation claim was required to be approved by the Court.[5] The Honorable Neil P. Olack held that, under those circumstances, special counsel was not required to seek employment under §§ 327, 328, and Rule 2014, however, special counsel could "be subject to bankruptcy court oversight through other sections of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure."[6]

*Scott* is inapposite. In *Scott,* approval of employment was not required to employ special counsel for the debtors to pursue an exempt asset. Here, Mr. Bolen was not acting as special counsel (nor was he pursuing an exempt asset). Even if Mr. Bolen, now acting as debtor's bankruptcy counsel, is exempt from having his employment approved under § 327 or § 328, he is not free from Court oversight.

In *Scott*, the court pointed out that § 329 requires any attorney employed by a debtor in connection with a case under the bankruptcy code to file a

---

[4] 531 B.R. 640 (Bankr. N.D. Miss. 2015).
[5] *Id.* at 643.
[6] *Id.* at 647.

7

statement of the compensation paid, or agreed to be paid, and the source of such compensation.[7] "If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive."[8] "This disclosure under § 329 and Rule 2016(b), which implements § 329, is required, regardless of whether the attorney will seek compensation from the estate."[9] "The purpose of § 329 is to enable bankruptcy courts to 'prevent overreaching by debtors' attorneys and give interested parties the ability to evaluate the reasonableness of the fees paid.'"[10] "This disclosure obligation is mandatory and not permissive, and it is a continuing one."[11]

> [A] chapter 13 debtor has the right to employ counsel so long as the following two requirements are met: 1) the need to disclose compensation paid or agreed to be paid pursuant to section 329 and 2) the need of approval of post-petition payments from property of the estate pursuant to section 330(a)(4)(B).[12]

"Nothing in the Bankruptcy Code…precludes a Chapter 13 debtor from retaining successor counsel, special counsel, or even co-counsel, with the fees of such counsel, which are paid from property of the estate, being subject to review and approval by the court."[13]  11 U.S.C. § 329 applies to debtors'

---

[7] *Id.* at 645 (citing 11 U.S.C. § 329(a)).
[8] *Id.*
[9] *Id.* at 645-646.
[10] *Id.* at 646. (citing *In re Ortiz*, 496 B.R. 144, 149 (Bankr. S.D.N.Y. 2013)).
[11] 3 Collier on Bankruptcy ¶329.01.
[12] *In re Cahill*, 478 B.R. 173, 176 (Bankr. S.D.N.Y. 2012).
[13] *In re Butts*, 2010 WL 3369138, at *1 (Bankr. D. Mass. 2010).

8

transaction with attorneys and gives the Court the authority to examine fees and the reasonableness of the fees. Bankruptcy Rule 2016(b) implements § 329 and provides:

> (b) *Disclosure of Compensation Paid or Promised to Attorney for Debtor.* Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days after the order for relief, or at any other time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity…**A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.**[14]

"As with § 329, an attorney retained as debtor's counsel after a case is filed is required to meet the…supplemental disclosure provision of this rule."[15] Rule 2016(b) clarifies that disclosure of compensation is an ongoing obligation.[16] "Disclosure is critical because it permits a court to review fee agreements and payments for reasonableness."[17] "If review shows that the compensation is not reasonable, the court may cancel the agreement…"[18]

When Mr. Bolen apparently took over representation of the debtor in the bankruptcy case, he failed to file the fee disclosure required by § 329 and Rule

---

[14] FED. R. BANKR. P. 2016(b) (emphasis added).
[15] *In re Campbell*, 259 B.R. 615, 625 (Bankr. N.D. Ohio 2001) (citing *In re Downs*, 103 F.3d 472, 477 (6th Cir. 1996)).
[16] *In re Argento*, 282 B.R. 108 (Bankr. D. Mass. 2002).
[17] *Campbell*, 259 B.R. at 625.
[18] *Id.* (citing 11. U.S.C. § 329(b)).

9

2016(b). In fact, he failed to file any disclosure that he was seeking to be paid from the bankruptcy estate until long after the work had been performed. He failed to file any disclosure until five months after he first filed his fee application and almost a year after the debtor first contacted Mr. Bolen regarding her case and the potential asset. These actions clearly do not comply with the requirement of Rule 2016(b) to file a supplemental statement within 14 days after any payment or agreement not previously disclosed. Compliance with § 329 and Rule 2016 is crucial to the administration and disposition of cases before the bankruptcy courts and is so rooted in the fiduciary relationship between attorneys and the courts that bankruptcy courts have the inherent power to sanction attorneys who fail to comply with the disclosure rules.[19]

    Because of Mr. Bolen's failure to timely disclose, there was no indication that he was seeking compensation from the estate, and no opportunity for parties to object or the Court to hold a hearing prior to any substantial work being performed in the case. Mr. Bolen filed a fee disclosure only after he had completed the work and after a hearing had been held on the Fee Application. This disclosure was completely ineffectual because it put no one on notice. Although Mr. Bolen may not have been required to have his employment approved under § 327, he was still subject to Court oversight pursuant to the

---

[19] *Id.* at 627 (citing *Downs*, 103 F.3d at 480).

disclosure requirements of § 329 and Rule 2016(b), which he failed to meet. "The disclosure requirements are intended to provide information sufficient for any party to scrutinize the fees paid or to be paid."[20] "This review is especially important in a chapter 7 or chapter 13 where a debtor does not need court approval to employ an attorney" and "[f]ailure to comply with these requirements is a sufficient reason to deny compensation."[21] For this reason alone, the Fee Application is due to be denied.

### B. Is the attorney compensation limited to the amount already paid in this case for representation?

Mr. Cornelius was counsel for the debtors in the main bankruptcy case. He filed the case, handled the case, and saw it through confirmation but not completion. While Mr. Cornelius excluded dischargeability actions from his representation, he had the obligation to handle all other contested matters in the bankruptcy case until the case was closed. He was paid the full fee to handle the entire bankruptcy case. In other words, the bankruptcy estate–in effect the creditors–has already borne the full cost of attorney's fees in the bankruptcy case.

Mr. Bolen did not seek to have himself substituted as counsel, nor did he apply as additional counsel or co-counsel. As previously noted, he failed to

---

[20] *In re Argento*, 282 B.R. at 115.
[21] *Id.*

11

timely file the required disclosure of any compensation he had received or expected to receive. If he had done so there could have been objections and a hearing, and the Court would have had an opportunity to deal with these issues before Mr. Bolen performed any substantial work in the case. If Mr. Cornelius could not or would not continue to represent the debtors for matters that he had been paid in full to complete, he would have been required to disgorge some of the compensation he received for the representation he failed to provide. Instead, Mr. Bolen began performing work in the shoes of debtors' counsel, without disclosing his expected fee or that he would seek payment of that fee from the bankruptcy estate, and now seeks payment for legal services the estate already paid Mr. Cornelius to provide.

Further, Mr. Bolen is seeking to be paid significantly more than the standard "no-look fee" that is routinely paid for representation of a debtor throughout an entire chapter 13 case, when he is seeking compensation for limited post-conformation work only. Without even considering the *Johnson* factors[22] to determine if the compensation is reasonable, Mr. Bolen is asking to be paid for representation that the debtors already paid Mr. Cornelius to perform. An example may be helpful here. It is as if X agreed to paint Y's house for a flat fee. Y pays X the full fee and work begins. X paints three-

---

[22] *See Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974).

12

fourths of the house and leaves. Z then shows up without ceremony and paints the remainder of the house. Z then knocks on Y's door and demands to be paid double what X already received to paint the entire house.

Efficient, inexpensive, and orderly case and estate administration is the ultimate goal under FED. R. BANKR. P. 1001. "Without a doubt, the Bankruptcy Code seeks to protect both the debtors and their estates from excessive and unnecessary legal fees."[23] Mr. Bolen failed to timely disclose the compensation he expected to receive for his representation and completed representation that Mr. Cornelius was already paid to complete. The estate should not be required to bear the burden of paying for additional representation here. Mr. Bolen completed the work at his own risk. For these reasons, the Court finds the Fee Application is due to be denied and reaches no decision as to whether the requested compensation should be classified as an administrative expense.

## IV. CONCLUSION

The Court finds that Mr. Bolen failed to timely disclose his compensation as required by 11. U.S.C. § 329 and FED. R. BANKR. P. 2016(b) and that failure to comply with these disclosure requirements is sufficient reason to deny compensation. Further, Mr. Bolen voluntarily stepped into the shoes of

---

[23] *In re Whitley*, 737 F.3d 980, 985-986 (5th Cir. 2013).

debtors' counsel and performed legal services that original counsel of record had already been paid to perform. Mr. Bolen now requests significantly more compensation than the standard fee paid routinely for representation of debtors for an entire chapter 13 case. The Court has an obligation to protect bankruptcy estates from unnecessary legal fees and finds that the estate should not be required to bear the burden of paying for additional representation, when original counsel of record has already been paid to perform the legal services Mr. Bolen performed. Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the *First Application for Compensation and Reimbursement of Necessary Expenses* (Bankr. Dkt. # 87) is **DENIED.**